IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | Case No. _____ |
| v. | § | |
| | § | |
| AT&T MOBILITY, LLC and AT&T, INC., | § | JURY TRIAL REQUESTED |
| | § | |
| Defendants. | § | |

**<u>PLAINTIFF EON CORP. IP HOLDINGS, LLC'S ORIGINAL COMPLAINT</u>**

COMES NOW, Plaintiff EON Corp. IP Holdings, LLC ("EON"), through the undersigned attorneys, and respectfully alleges, states, and prays as follows:

## I. NATURE OF THE ACTION

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code ("U.S.C.") to recover damages from co-defendants AT&T Mobility, LLC ("AT&T LLC") and AT&T, Inc. (collectively, "AT&T") (collectively, "Defendants" or "AT&T") for infringing and profiting from, in an illegal and unauthorized manner and without authorization and/or consent from Plaintiff, wireless communication patents held by Plaintiff, including U.S. Patent No. 5,388,101 (the "'101 Patent"), pursuant to 35 U.S.C. §271, and to recover damages, attorneys' fees, costs, and all available equitable relief.

## II. JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

3. Venue lies in this judicial district pursuant to 28 U.S.C. §§1391 and 1400(b).

4. This Court has personal jurisdiction over each Defendant. Upon information and belief, each Defendant has conducted and does conduct business within the Eastern District of

Texas, directly or through intermediaries or agents, or offers for sale, sells, or advertises (including through the provision of interactive web pages) products or services, or uses or induces others to use services or products in this District that infringe Plaintiff's patented technology or knowingly contributes to infringement of the asserted patents.

5. In addition to the specific and general jurisdiction alleged above, this Court has personal jurisdiction over AT&T because it is, upon information and belief, a wireless operator within the Eastern District of Texas and derives and has derived substantial revenue therefrom.

6. In addition to AT&T continuously and systematically conducting business in the Eastern District of Texas, the causes of action against AT&T arose from or are connected with AT&T's purposeful acts committed in this District, including AT&T's making, using, importing, offering for sale, or selling two-way communication networks, two-way communication network components, subscriber units, associated services, or data systems that fall within the scope of patented technology owned by Plaintiff.

### III.   THE PARTIES

7. Plaintiff is a Texas limited liability company with its principal place of business at 719 West Front Street, Suite 108, Tyler, Texas 75702.

8. Defendant AT&T Mobility LLC is a Delaware limited liability company with its principal place of business at 5565 Glenridge Connector, Atlanta, Georgia 30342.  AT&T Mobility LLC can be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

9. Upon information and belief, Defendant AT&T, Inc. is a Delaware corporation with its principal place of business at 208 South Akard Street, Dallas, Texas 75202.  AT&T, Inc. can be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

## IV. FACTUAL ALLEGATIONS

### A. The Dinkins Patents

10. EON is the assignee through an exclusive license of all right, title, and interest in and to a family of related patents invented in-house by EON Corporation engineer, Gilbert Dinkins, including the '101 Patent, U.S. Patent No. 5,481,546, and U.S. Patent No. 5,592,491, and EON possesses all rights of recovery under the patents, including the exclusive right to recover for past infringement. The Dinkins family of patents held by EON are valid and enforceable.

11. Upon information and belief, AT&T is directly infringing (literally or under the doctrine of equivalents) the '101 Patent by making, using, selling, offering for sale, or importing two-way communication networks, network components, related software platforms and services that practice claim 19 of the '101 Patent. For example, AT&T's networks are two-way communication networks that fall within the scope of claim 19 of the '101 Patent. AT&T has infringed, directly, literally or under the doctrine of equivalents, claim 19 of the '101 Patent alone or jointly with others.

12. Upon information and belief, AT&T knew the actions alleged infringed the '101 Patent at least since January 11, 2000 because, among other reasons, numerous AT&T patents have prosecution histories linking them to related patents of Gilbert Dinkins, including, for example, U.S. Patent No. 6,014,569.

## V. CAUSE OF ACTION
### INFRINGEMENT OF THE EON PATENTS IN SUIT

13. EON repeats and realleges the allegations set forth in Paragraphs 1 through 12 as if those allegations had been fully set forth herein.

14. Defendants, without authorization or license and in violation of 35 U.S.C. §271, have infringed the Dinkins Patents, claim 19 the '101 Patent.

15. Defendants' infringement has been willful.

16. EON is in compliance with the requirements of 35 U.S.C. §287.

17. EON has been damaged by Defendants' infringement.

## VI. PRAYER FOR RELIEF

WHEREFORE, in consideration of the foregoing, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, and in favor of Plaintiff. Plaintiff prays that this Court:

a. award Plaintiff all relief available under § 284 of the Patent Act, including monetary damages, for the Defendants' infringement in an amount to be determined by the trier of fact;

b. award Plaintiff all relief available under § 285 of the Patent Act, including the costs of this litigation as well as attorneys' fees;

c. order payment of all applicable interests, including prejudgment interest; and

d. award Plaintiff whatever equitable relief is deemed appropriate.

## VII. DEMAND FOR JURY TRIAL

EON demands a trial by jury of any and all issues triable of right before a jury.

Dated: July 2, 2015

Respectfully Submitted,

*/s/ Daniel R. Scardino*
Daniel R. Scardino
Texas State Bar No. 24033165
REED & SCARDINO LLP
301 Congress Avenue, Suite 1250
Austin, TX 78701

Tel. (512) 474-2449
Fax (512) 474-2622
dscardino@reedscardino.com

**ATTORNEY FOR PLAINTIFF**
**EON CORP. IP HOLDINGS, LLC**